**STATE of Missouri, Respondent,**

v.

**Larry D. CLARK, Appellant.**

**No. ED 91666.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 2009.

Jessica Hathaway, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, Terrence M. Messonnier, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GEORGE W. DRAPER III, J., and ROY L. RICHTER, J.

### ORDER

PER CURIAM.

Larry D. Clark (hereinafter, "Appellant") appeals from the trial court's judgment after a jury convicted him of one count each of first degree domestic assault, Section 565.072 RSMo (2000),[1] armed criminal action, Section 571.015, third degree domestic assault, Section 565.074, third degree assault, Section 565.070, and first degree trespassing, Section 569.140. Appellant was sentenced as a prior felony offender to concurrent terms of twenty years' imprisonment on the first degree domestic assault and armed criminal action charges. Appellant was sentenced to thirty days' incarceration on the remaining misdemeanor convictions.

Appellant raises two points on appeal. First, Appellant challenges the sufficiency of the evidence to sustain his conviction for first degree trespassing in that he believes the State failed to prove beyond a reasonable doubt that his entry into the apartment he shared with the victim was unlawful. Second, Appellant argues the trial court abused its discretion in failing to sustain his objection to a portion of the prosecutor's opening statement, which he claims was argumentative.

We have reviewed the briefs of the parties, the legal file, and the transcript on appeal. We find there was sufficient evidence to sustain Appellant's conviction, and the trial court did not abuse its discretion in overruling Appellant's objection to the prosecutor's opening statement. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 30.25(b).

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.